## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG L. BARNES, | |
| Plaintiff, | Case No. 2:07-cv-02299-KJD-PAL |
| vs. | **ORDER** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Currently before the Court is Plaintiff Gregg L. Barnes' Motion for Leave to Supplement Complaint (#43). Also before the Court is Plaintiff's Declaration/Motion (#44) seeking declaratory and injunctive relief, and Motion for Leave to File Supplement to Complaint (#47). None of the Motions have been opposed or responded to by any Defendant. The Court considers each of the Motions and rules on them together herein.

### I. Background

On June 6, 2008, Magistrate Judge Kimberly J. Mueller issued an Order (#19) granting Plaintiff's Motion to proceed *in forma pauperis* and dismissing Plaintiff's Complaint. Specifically, the Magistrate Judge found that the "allegations in plaintiff's amended complaint . . . are so vague and conclusory that it fails to state a claim upon which relief can be granted." (#19 at 3.) Additionally, the Court informed Plaintiff that to the extent he was attempting to plead a violation of the Eighth Amendment based on inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." (Id.) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff was informed that as an inmate, he has a constitutionally protected right of meaningful access to the courts under Bounds v. Smith, 430 U.S. 817, 820-21 (1977), but he was also informed that it is not enough for an inmate to allege some abstract interference; but instead, he must

show "actual injury" to his rights. (Id.) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). Plaintiff was advised, that should he choose to amend his Complaint, he is required to demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights, and that the complaint must allege in specific terms how each named defendant is involved. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff was also informed that no liability can attach under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. (Id.) (citing Rizzo v. Goode, 423 U.S. 362 (1976), May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980) and Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). The Order additionally instructed that vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983. (Id.) (citing Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Upon dismissing the Plaintiff's Complaint, the Magistrate Judge granted Plaintiff thirty (30) days in which to file a Second Amended Complaint that complies with the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Subsequently, Plaintiff filed two Motions for an Extension of Time in which to file his Second Amended Complaint (##21, 23), both of which were granted. Plaintiff filed his Second Amended Complaint (#25) on July 17, 2008, and on July 27, 2008, the Magistrate Judge issued an Order (#27) finding that the Complaint was timely filed within the extension deadline but did not address the sufficiency of the Second Amended Complaint. Upon examination here, the Court finds Plaintiff's Second Amended Complaint fails to rectify the deficiencies noted by the Magistrate Judge's previous Order, fails to comply with the standards set forth in the Federal Rules of Civil Procedure, the Civil Rights Act, and Local Rules of Procedure, and fails to state a claim upon which relief may be granted based upon the standards set forth above.

**II. Discussion**

Plaintiff's Second Amended Complaint, with attachments, consists of 440 pages. The actual Second Amended Complaint is twenty-five (25) pages long, and is so vague and rambling, that it is difficult to ascertain what claims Plaintiff is asserting against which parties. Fed. R. Civ. P. 8 requires that a party seeking relief must set forth a "short and plain statement of the grounds for the court's jurisdiction", and a "short and plain statement of the claim showing that the pleader is entitled to

relief." In a long and descriptive narrative, Plaintiff's Second Amended Complaint alleges *inter alia*, incidences involving kidnaping and false imprisonment (see Second Amended Compl. at 8), that his personal belongings were taken from him while incarcerated, (id) that he was not allowed access to legal materials, that the conditions in which he was held were crowded, (id at10), and that he suffered from the deliberate indifference of his legal custodians  Additionally, Plaintiff avers that the California prison system is "an illegal industry" (id at 13) that he was subject to "illegal acts and conspiracies by the defendants to keep us, me quiet" (id at 14–15), that he is not allowed the "required spiritual items to practice [his] religion" while incarcerated (id at 17), and that he has been tortured (id at 22.)

As stated above, the Court has reviewed Plaintiff's Second Amended Complaint, and finds that it fails to cure the deficiencies listed in the Magistrate Judge's initial ruling, that it fails to comport with the standards set forth in the Federal Rules of Civil Procedure, the Civil Rights Act, and Local Rules of Procedure, and fails to state a claim upon which relief may be granted.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 8, and the Civil Rights Act for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all other pending Motions are **DENIED** as moot.

DATED this 19th day of March 2010.

_____
Kent J. Dawson
United States District Judge